IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ERIC JORDAN ELAM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:24-cv-353-MTT-AGH |
| | : | |
| MACON STATE PRISON, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

# ORDER

Before the Court is a document filed by *pro se* Plaintiff Eric Jordan Elam, an inmate currently confined at the Macon State Prison in Oglethorpe, Georgia, that has been docketed as a complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). In this document, Plaintiff asserts that his current incarceration is unlawful.  *See, e.g.*, Compl. 1, ECF No. 1.  Because the precise nature of Plaintiff's claims is not entirely clear from this pleading, however, he must recast his complaint on one of the Court's standard forms if he wishes to proceed with this action.

The two most common types of cases filed by prisoners in this Court are federal habeas corpus petitions and claims arising under 42 U.S.C. § 1983.  As a general rule, "any challenge to the Fact or Duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to Conditions of confinement may proceed under [42 U.S.C. §] 1983."  *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979).[1]  In other words, "[f]ederal habeas corpus relief is appropriate when a

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit

petitioner alleges that his custody itself is illegal." *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Prieser v. Rodriguez*, 411 U.S. 475, 484 (1973)). But "when a prisoner alleges that he has been deprived of his rights under federal law by prison officials, the proper cause of action is § 1983." *Id.* (citing *McKinnis v. Mosely,* 693 F.2d 1054, 1057 (11th Cir. 1982)). A prisoner cannot obtain the dismissal of pending charges or speedier release through a § 1983 action, and he cannot seek monetary compensation in a federal habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 489 (1973).

If Plaintiff is challenging the fact or validity of his state court conviction and seeks his release, he should recast his pleading on the Court's standard § 2254 form petition. If Plaintiff instead wishes to complain about the conditions of his confinement and seeks monetary compensation, he should use the Court's standard § 1983 form. The Clerk of Court is **DIRECTED** to forward Plaintiff a copy of the § 2254 and § 1983 forms marked with the case number for the above-captioned case that Plaintiff should complete and file with the Court. **Plaintiff should choose only <u>one</u> of these forms to use. The recast pleading will supersede (take the place of) the pending complaint (ECF No. 1).** The Court will not look back at any other documents filed by Plaintiff to determine whether he has stated an actionable federal claim.

---

adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

In addition, Plaintiff has neither paid the filing fee nor sought leave to proceed *in forma pauperis* in this action. A prisoner seeking leave to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff must therefore file a proper and complete motion to proceed without the prepayment of the filing fee or pay the required filing fee in full before this case can proceed. The filing fee for a habeas corpus petition is $5.00, and the filing fee for a § 1983 case is $405.00. The Clerk is **DIRECTED** to mail Plaintiff a copy of the standard *in forma pauperis* forms, marked with the case number for the above-captioned case, that Plaintiff may use for this purpose.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) file either a § 1983 form or a § 2254 form and (2) pay the appropriate filing fee or file a proper and complete motion for leave to proceed *in forma pauperis*, to include a certified copy of his prison trust fund account information. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this case.** There will be no service of process in this case until further order.

**SO ORDERED and DIRECTED**, this 31st day of October, 2024.

　　　　　　　　　　　　　　　　　　s/ *Amelia G. Helmick*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE